### No. 35

CINCINNATI (City) v. PUB. UTIL. COMM.
Ohio Supreme Court
Nos. 18777 and 18779
ON MOTION TO CERTIFY

**974. PUBLIC UTILITIES COMMISSION—**

1. Is increase in rates of telephone reasonable under facts of case?

2. Has Telephone company established reasonableness of rates fixed?

This case comes before the Supreme Court on error. On June 25, 1920 the C. & S. B. Telephone Co. filed with the Public Utilities Commission new schedules of telephone rates. These schedules changed and varied the rates, joint rates, tolls, schedules, charges, rentals and practises of the former schedules, and also arbitrarily divided the Cincinnati metropolitan district into eight exchage areas, thereby compelling residents, manufacturing plants, and business houses in different parts of the city to pay rates not uniform as to said city. After the filing, the city Solicitor filed a complaint with the Public Utilities Commission protesting against the increased telephone rates and also against changing territorial limit.

The commission approved the new schedule of rates. The Supreme Court reversed this order of the utilities commission. The utilities commission interpreted the mandate of the Supreme Court as being a complete reversal and did nothing further. The telephone company then prosecuted error and the Supreme Court ordered the commission to hear and determine according to law the just and reasonable rate to be charged by the telephone com-

## OHIO SUPREME COURT—Continued

pany. In July, 1924 the commission entered its finding that the practise of the telephone company in zoning the city was unreasonable, but sustained the increased rates contained in Schedule P. U. C. O. No. 2. The city then prosecuted error to the Supreme Court. The principal questions for the consideration of this court are:

1. Is the change in practise or service, to wit: the reduction in size and extent of the areas in which free call service has heretofore prevailed, a reasonable and proper change?

2. Has the Telephone Company established "the burden of proof" relative to the justness and reasonableness of the proposed increased rate?

Attorneys—Saul Zielonka, Oliver M. Dock, and Landon L. Forchheimer, for City of Cincinnati.